UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMY DALTON,<br><br>        Plaintiff,<br>vs.<br><br>PHYSICIANS STAT LAB, INC., a Florida Profit Corporation; LIFESTYLE MEDICAL NETWORK, INC., a Foreign Corporation, CHRISTOPHER SMITH, individually; and NATHAN HAWKINS, individually,<br><br>        Defendants. | Case No. 6:17-cv-2125-Orl-22KRS |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff AMY DALTON ("Dalton") and Defendants PHYSICIANS STAT LAB, INC. ("PSL") and NATHAN HAWKINS ("Hawkins")(PSL and Hawkins shall be collectively referred to as "PSL Defendants")(together, the "Parties"), by and through their respective undersigned counsel, respectfully request that this Honorable Court approve the Parties' settlement of the claims brought by Plaintiff in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). In support of their joint motion, the Parties state as follows:

**Statement of Facts and Summary of Proceedings**

Plaintiff brought this action against PSL Defendants seeking, *inter alia*, alleged unpaid minimum wages and liquidated damages under the FLSA (the "FLSA claims"). The Parties agreed to settle the FLSA claims, and now request this Court's approval of the settlement of Plaintiff's FLSA claims.

PSL Defendants deny that they employed Plaintiff, whether directly or jointly with the other defendants in this case. Counsel for the Parties agreed to exchange documents and other information in order to accurately assess the viability of Plaintiff's FLSA claims and the strength of any defenses to same. After careful consideration, the Parties determined that settlement of Plaintiff's FLSA claims against PSL Defendants would be favorable to both sides instead of litigation. Thus, the parties entered into settlement discussions and ultimately reached agreement as to all material terms of the settlement as set forth in the Settlement Agreement and Release of FLSA Claims (the "Agreement"), a copy of which is attached hereto as Exhibit "A." The Parties agree that the Court may strike from the settlement agreement any provision that it finds to be overbroad or that otherwise undermines the fairness and reasonableness of the settlement.

Under the Agreement, without admitting liability, PSL Defendants agree to pay the total amount of $4,050.00, including payment to Plaintiff of $2,050.00 as compensation and liquidated damages; and $2,000.00 to Plaintiff's counsel for attorney's fees and costs, which were negotiated separately. The Parties expressly agreed to jointly submit the Agreement to the Court requesting the Court's approval of the FLSA settlement.

## Argument and Citation of Authority

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *See Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982)(holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013)(*citing*

*Lynn's Food Stores*, 679 F.2d at 1352-54). Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and approval.

In order to approve a settlement of wage claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

I. **Approval of Payment to Plaintiff.**

There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994)(noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK, 2009 WL 347418 at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 6:04-cv-1722-Orl-28JGG, 2006 WL 3614925 at *3 (M.D. Fla. Dec. 11, 2006). In this case, an analysis of the above-listed factors strongly supports approval of the settlement.

As an initial matter, the settlement is the ultimate result of arms-length negotiations by the Parties who were well represented by counsel and made aware of all potential outcomes by counsel, and represents a compromise between the legal positions taken by the Parties in this litigation.  The settlement is fair, the payment to Plaintiff is equitable, and there is no evidence of collusion.

In addition, the Agreement allows Plaintiff to make a recovery now, without suffering the delay and risk of litigating her claims.  In this case, further litigation, including continued discovery and depositions, anticipated cross-motions for summary judgment, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.  Thus, the settlement satisfies the complexity, expense, and likely duration of the litigation element of the analysis.

Likewise, counsel for the Parties exchanged information concerning the critical issue whether the PSL Defendants ever employed Plaintiff.  As a result of these efforts, the Parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

As for the probability of Plaintiff's success on the merits of her claims, PSL Defendants adamantly maintain that they never employed Plaintiff, whether directly or jointly with the other defendants in this case.  Conversely, Plaintiff asserts that PSL Defendants did employ her and failed to compensate Plaintiff for time worked at the applicable minimum wage.  The Parties, therefore, disagree on the probability of Plaintiff's success on the merits both as to liability and damages and the range of possible recovery.  "[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and

the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

Based on what the Parties learned through the discussions of counsel and the exchange of information, the Parties negotiated a fair settlement for Plaintiff. The settlement provides Plaintiff with a recovery greater than the maximum possible measure of damages that PSL Defendants contend Plaintiff could ever be awarded in this case but less than the maximum possible measure of damages that Plaintiff contends she could be awarded. Therefore, Plaintiff's recovery is within the range of possible recovery amounts that should be approved as fair. By settling, Plaintiff avoids the risks of not establishing liability at trial and the possibility of an adverse cost judgment under Fed. R. Civ. P. 54, avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed or reduction of the calculation of liquidated damages arising from the number of hours proven. PSL Defendants' and Plaintiff's counsel therefore recommended acceptance of this settlement.

**II.     Approval of Payment of Attorney's Fees.**

The Agreement provides that PSL Defendants shall pay Plaintiff's attorney's fees and costs in the amount of $2,000.00, to be approved by this Court. The Agreement specifically provides for a payment amount to Plaintiff for her alleged damages, and to Plaintiff's counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.

> Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorney's fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because PSL Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Plaintiff's counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiff's counsel or the amount of the total fees incurred. *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Plaintiff's counsel in this settlement, Plaintiff respectfully requests the opportunity to supplement this joint motion with the required submittal.

The Parties confirm that the fee amount in the FLSA settlement was reached without regarding to the amount Plaintiff agreed to accept in the settlement.

## Conclusion

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court approve the Agreement attached hereto as Exhibit "A."

Respectfully submitted this __9th__ day of January 2019.

| | |
|---|---|
| *s/ Carlos V. Leach* | *s/ Eric W. Neilsen* |
| Carlos V. Leach, Esq. | Eric W. Neilsen, Esq. |
| Florida Bar No. 0540021 | Florida Bar No. 476757 |
| The Leach Firm, P.A. | NEILSEN LAW GROUP, P.A. |
| 1950 Lee Road, Suite 213 | 100 2nd Ave. N., Suite 240 |
| Winter Park, Florida 32789 | St. Petersburg, FL 33701 |
| Direct: (321) 287-6021 | Phone: (727) 350 3240 |
| Facsimile: (407) 960-4789 | Facsimile: (727) 499-7166 |
| E-mail: cleach@theleachfirm.com | eneilsen@neilsenlawgroup.com |
| Attorney for Plaintiff AMY DALTON | Attorney for Defendants PHYSICIANS STAT LAB, INC. and NATHAN HAWKINS |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January _9_, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.