# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMY DALTON,

      **Plaintiff,**

v.                                              Case No:   6:17-cv-2125-Orl-22KRS

PHYSICIANS STAT LAB, INC. and
NATHAN HAWKINS,

      **Defendants.**

## ORDER

This cause is before the Court on the Joint Motion for Approval of FLSA Settlement (Doc. No. 34) filed on January 9, 2019.

The United States Magistrate Judge has submitted a report recommending that the Motion be granted in part.

After an independent *de novo* review of the record in this matter, and noting that the parties filed a Joint Notice of Non-Objection (Doc. No. 36), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. However, the Court determines that the Motion should be granted in full.

This case was before the Court based on federal question jurisdiction.  Although the parties have resolved the federal law claim, there is still pending a state law claim for breach of contract.

The Court examines the issue of supplemental jurisdiction over Plaintiff's breach of contract claim *sua sponte*. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1997 WL 312583 (9th Cir. June 12, 1997) (*en banc*; recognizing that although district court is not required to *sua sponte* consider whether to accept or decline supplemental jurisdiction, better practice is for it to do so), *supplemented by* 121 F.3d 714 (9th Cir. 1997).

The Court has discretion to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Eleventh Circuit Court of appeals has "encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir.2004); *see also Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims."), *superseded by statute on other grounds as recognized in Ameritox, Ltd. v. Millennium Labs., Inc.,* 803 F.3d 518, 531 & n.23 (11th Cir. 2015). "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997). Since Plaintiff's federal claim has been resolved, and the remaining claim depends on a determination of state law, the Court declines to retain jurisdiction over the breach of contract claim. *See, e.g., Mergens v Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (holding that since all federal claims were dismissed before trial, district court appropriately declined to exercise supplemental jurisdiction over remaining state claim), cert. denied, 528 U.S. 820, 120 S.Ct. 63, 145 L.Ed.2d 55 (1999); *Mears v. LVNV Funding, LLC*, 541 B.R. 899, 906 (M.D. Fla. 2015) ("Since the federal claims have been disposed of and this case now involves solely a question of state law, this Court declines to exercise supplement jurisdiction over the FCCPA allegations.") (citation omitted) ; *LaFontin v. Synergetic Commc'ns, Inc.*, No. 10-80586-CIV, 2010 WL 11601248, at *2 (S.D. Fla. Oct. 25, 2010) ( "[A]s the parties have resolved the claim serving as the basis for original federal court jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.") (citation omitted). Moreover, the Court has not presided over any discovery issues nor addressed the merits of any motion to dismiss or for summary judgment. Therefore, the proper course of action is for

the Court to dismiss this entire action without prejudice, so that Plaintiff will be free to pursue her claim in state court in the appropriate manner. *See, e.g., Ingram v. Sch. Bd. of Miami-Dade County*, 167 Fed. App'x. 107, 109 (11th Cir. 2006) (per curiam) ("When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court.") (citing *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) ("If he decides to dismiss these state-law claims, then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court."); *LaFontin*, 2010 WL 11601248, at *1  ("Given that the parties have decided to resolve and therefore dismiss the federal claim against Defendant, Plaintiff's remaining state law claim will be also be dismissed.").

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed January 22, 2019 (Doc. No. 35), is ADOPTED and CONFIRMED and made a part of this Order, excepted as noted above.

2. The Joint Motion for Approval of FLSA Settlement is hereby GRANTED.

3. The Court finds that the Settlement Agreement and Release of FLSA Claims is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

4. Plaintiff's counsel is prohibited from withholding any of the $2,050.00 settlement payment due to Plaintiff pursuant to a contingency fee agreement or otherwise.

5. Plaintiff's FLSA claim (Count I) is hereby DISMISSED with prejudice.

6. Plaintiff's breach of contract claim (Count II) is hereby DISMISSED without prejudice. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claim asserted is tolled for a period of 30 days after the date of this Order.

7. The Clerk is directed to CLOSE the file.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2019.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record